UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-920(DSD/HB)

Damon L. Nielsen,

        Plaintiff,

v.                                           **ORDER**

America Midwest Transportation, LLC,
Garland Bloedel and Vander Haag's, Inc.,

        Defendants.


      Paul O. Taylor, Esq. and Taylor and Associates, Ltd., 900 West 128th Street, Suite 100, Burnville, MN 55337, counsel for plaintiff.

      Bethany Gullman, Esq., Christine R. M. Kain, Esq. and Faegre Baker Daniels LLP, 90 South 7th Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant Vander Haag's, Inc.


      This matter is before the court upon the motion to dismiss by defendant Vander Haag's, Incorporated. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

      This contract dispute arises out of Vander Haag's reversed payment on a check it had previously written to plaintiff Damon L. Nielsen. Nielsen Decl. ¶¶ 11-13. Nielsen is a Minnesota resident who worked as an owner-operator hauling freight for defendant American Midwest Transport, LLC (AMT). Id. ¶¶ 1-4. Vander Haag's is a trucking salvage corporation that is chartered and

headquartered in Iowa.  Andringa Decl. ¶ 1.

Nielsen owned a 1994 Freightliner truck-tractor that he used to haul freight for AMT.  <u>See</u> Nielsen Decl. ¶¶ 3-4.  In 2010, Nielsen's truck required costly repairs.  <u>Id.</u> ¶ 4.  AMT gave Nielsen an advance to pay for the repairs, and in exchange AMT's name was added to the truck's title.  <u>Id.</u>

The truck's mechanical problems resurfaced in May 2015. Nielsen Decl. ¶ 6.  This time, Nielsen decided that the problems were too expensive to fix, so he contacted Vander Haag's about selling the truck.  <u>Id.</u> ¶¶ 6, 10; Andringa Decl. ¶ 9.  Vander Haag's agreed to purchase the truck for $10,000.  Nielsen Decl. ¶ 10.

In June 2015, Nielsen delivered the truck to a Vander Haag's facility in Iowa.  <u>Id.</u> ¶ 11.  By that time, he had paid off his advance from AMT, and on June 19, 2015, AMT authorized a lien release on the truck.  <u>Id.</u> ¶ 5; <u>id.</u> Ex. B.  Vander Haag's wrote Nielsen a check for $10,000, which he deposited in his bank account back in Minnesota.  <u>Id.</u> ¶¶ 11-12.

However, the day after the sale, AMT told Vander Haag's that title to the truck was not clear.  Andringa Decl. ¶ 15.  AMT said that it only authorized the lien release because it thought Nielsen would instruct Vander Haag's to make the check out to AMT.  <u>Id.</u> Based on AMT's representations, Vander Haag's reversed payment on the check to Nielsen and made a payment to AMT.  <u>Id.</u>  Nielsen,

however, had already used some of the $10,000 to pay off outstanding bills, and Vander Haag's reverse payment caused him to overdraw his bank account.  <u>See</u> Nielsen Decl. ¶ 12.

On April 7, 2016, Nielsen filed suit, claiming a violation of 49 U.S.C. § 14704(a)(1), breach of contract, conversion, and civil theft under Minn. Stat. § 604.14.  Vander Haag's now moves to dismiss for lack of personal jurisdiction.[1]

**DISCUSSION**

**I.   Standard of Review**

To defeat a motion to dismiss for lack of jurisdiction, a plaintiff need only "make out a prima facie showing of jurisdiction." <u>Dakota Indus., Inc. v. Dakota Sportswear, Inc.</u>, 946 F.2d 1384, 1387 (8th Cir. 1991).  In deciding whether the plaintiff has met his burden, the court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." <u>Digi-Tel Holdings, Inc. v. Proteq Telecommc'ns, Ltd.</u>, 89 F.3d 519, 522 (8th Cir. 1996).  A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." <u>Romak USA, Inc. v. Rich</u>, 384 F.3d 979, 984 (8th Cir. 2004).  Because the Minnesota long-arm statute

---

[1]  Co-defendants AMT and Garland Bloedel take no position on Vander Haag's motion.  ECF No. 28.

"confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. <u>Coen v. Coen</u>, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." <u>Romak</u>, 384 F.3d at 984. "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." <u>Coen</u>, 509 F.3d at 905. To that end, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 275 (1985). In assessing whether jurisdiction exists, the court considers:

> (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

<u>Dever v. Hentzen Coatings, Inc.</u>, 380 F.3d 1070, 1073–74 (8th Cir. 2004). The court gives significant weight to the first three factors. <u>Id.</u>

## II. Specific Personal Jurisdiction

Nielsen argues that the court has specific personal

4

jurisdiction over Vander Haag's.  "Specific jurisdiction can arise from a single contact with the forum if the cause of action arose out of that contact." Marshall v. Inn on Madeline Island, 610 N.W.2d 670, 673 (Minn. Ct. App. 2000) (citing McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957); Marquette Nat'l Bank v. Norris, 270 N.W.2d 290, 295 (Minn. 1978)).  A court may also assert personal jurisdiction under the "effects" test, whereby the court considers the "consequences felt in the forum state." Dakota Indus., 946 F.2d at 1390-91; see also Kornfuehrer v. Phila. Bindery, Inc., 240 F. Supp. 157, 162 n.11 (D. Minn. 1965) (stating that a court has specific personal jurisdiction over "any individual as to causes of action arising from an act done for pecuniary profit having substantial consequences within the state").

After considering all of the relevant factors, the court finds that it has specific personal jurisdiction over Vander Haag's.  The company issued a check to Nielsen, a Minnesota resident, which was deposited in a Minnesota bank.  It then reversed payment on that check, thereby reclaiming $10,000 from a Minnesota resident.  Those contacts, although limited, directly relate to Nielsen's cause of action against Vander Haag's.  Moreover, the effects of those contacts were felt squarely within Minnesota by a Minnesota resident.  Minnesota has an interest in providing a forum for Nielsen to seek redress.  Any burden on Vander Haag's to litigate

in Minnesota does not overcome the other factors weighing in favor of jurisdiction.  <u>See</u> <u>Asahi Metal Indus. Co. v. Superior Ct. of Ca., Solano Cnty.</u>, 480 U.S. 102, 114 (1987) ("When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant.").  Thus, the court finds that it has specific personal jurisdiction over Vander Haag's.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Vander Haag's motion to dismiss [ECF No. 15], is denied.


Dated: July 20, 2016


                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court